**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MUFG UNION BANK, N.A.,<br><br>Defendant. | Civil Action No. 1:16-cv-03652-WHP |

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to the Court's June 21, 2016 Order and June 29, 2016 Endorsed Letter, the parties in the above-captioned action hereby submit the following report of their Rule 26(f) Conference, which took place via telephone on August 1, 2016. Participating for Plaintiff were Keith E. Sharkin and Patrick B. Monahan of Powley & Gibson, P.C., and participating for Defendant were Carla B. Oakley and Mathew M. Djavaherian of Morgan, Lewis & Bockius, LLP.

**I.     Nature and Basis of Claims and Defenses**

Plaintiff filed this action on May 16, 2016 alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Plaintiff alleges that Defendant has subscribed to Plaintiff's copyrighted publication *Natural Gas Week* since February 1992 pursuant to annual single-copy subscription agreements. Plaintiff alleges that Defendant has willfully made unauthorized copies of *Natural Gas Week* on a regular and systematic basis, and distributed those copies to its employees, since at least February 2005, infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

Plaintiff alleges that this Court has federal question jurisdiction over the subject matter of this dispute pursuant to § 501, et seq. of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a). Plaintiff further alleges that the Court has personal jurisdiction over Defendant because Defendant is authorized to do business, and is doing business in the State of New York and this District, including maintaining its Principal Executive Office and a commercial branch in New York City. Furthermore, Plaintiff alleges that Defendant's alleged acts of copyright infringement caused injury to Plaintiff, which has its principal place of business in New York City. Plaintiff alleges that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a).

Defendant filed an answer on July 11, 2016, generally denying the allegations and asserting nineteen affirmative defenses, including that the alleged subscription agreements are not enforceable against Defendant, fraudulent and insufficient copyright registrations, implied and/or express license, and fair use or *de minimis* use, as well as waiver, laches, estoppel and statute of limitations due to Plaintiff's alleged delay in bringing this action.  Defendant also asserts the affirmative defense of copyright misuse based, *inter alia*, on Plaintiff's alleged attempts to assert rights that Plaintiff cannot properly claim and Plaintiff's allegations regarding statements that Defendant claims were knowingly false.  In addition, Defendant asserts an affirmative defense based on the First Sale Doctrine, alleging that Plaintiff sold copies of its publications to Defendant and therefore forfeited its right to restrict subsequent use, storage, sale, display, disposition or access to such works.

## II.     Settlement History

The parties engaged in settlement discussions prior to the filing of the Complaint. In July 2015, business representatives for the parties met to discuss a resolution of this matter. During the month of August 2015 the parties exchanged settlement offers and information allowing each side to evaluate settlement, but were unable to come to an agreement. In February 2016, counsel for Plaintiff reached out to Defendant to reiterate its last settlement proposal and to confirm that Defendant's response to Plaintiff's last proposal had not changed, and upon learning in March 2016 that it had not, proceeded with the filing of the Complaint on May 16, 2016.

In an effort to continue settlement discussions, the parties agreed that Plaintiff would, by August 15, 2016, send Defendant a letter pursuant to Federal Rule of Evidence 408 containing requests for further information that will allow Plaintiff to evaluate the possibility of settlement. The parties also agreed to begin the process of identifying potential mediators.

In the event that the parties' informal settlement discussions do not resolve the matter prior to commencement of formal discovery, Defendant requests that the parties proceed as promptly as possible to an early mediation in an effort to avoid the time and expense of formal discovery.  Defendant proposes a brief stay of the case to allow an opportunity for swift resolution prior to commencement of formal discovery.

## III.    Proposed Discovery Plan

The parties propose the following discovery schedule:

| | |
|---|---|
| **Initial Disclosures**: | August 15, 2016 |
| **Service of First Set of Document Requests and First Set of Interrogatories**: | Plaintiff's proposal: September 14, 2016 |
| | Defendant's proposal: November 1, 2016 (stay lifted*) |

2

*As noted above, Defendant requests that this case proceed promptly to mediation, and therefore respectfully requests a brief stay of formal discovery pending mediation, with the service of the first set of formal written discovery request no later than November 1, 2016.

| | |
|---|---|
| **Deadline for Joinder of Parties**: | December 1, 2016 |
| **Deadline to Amend Pleadings**: | December 1, 2016 |
| **Close of Fact Discovery**: | May 3, 2017 |
| **Initial Expert Reports Due**: | April 5, 2017 |
| **Rebuttal Expert Reports Due**: | May 3, 2017 |
| **Close of All Discovery, Including Expert Depositions**: | June 5, 2017 |
| **Deadline to File Dispositive Motions**: | June 5, 2017 |
| **Deadline to File Joint Pretrial Order**: | July 5, 2017 |
| **Deadline to File Jury Instructions**: | 15 days before commencement of trial if trial date fixed or 30 days after the filing of the final pretrial order if no trial date fixed |

Plaintiff anticipates that trial will take 5-7 trial days. Defendant anticipates that trial will take 3-4 trial days.

IV.     **Subjects of Discovery**

At this time, Plaintiff intends to seek responsive documents and information dating from February 2005 through the filing of this suit relating to Defendant's receipt, use, copying, forwarding, distribution, and storage of Plaintiff's publications. Plaintiff anticipates taking oral depositions of Defendant and its corporate representatives and/or employees with knowledge of Defendant's receipt, use, copying, distribution, storage and forwarding of Plaintiff's publications pursuant to Rules 30(b)(1), 30(b)(6) and 45 of the Federal Rules of Civil Procedure.

At this time, Defendant intends to seek responsive documents and information relating to the rates that Plaintiff has offered for its publications and that any third parties have paid for the publication at issue in this litigation; any agreements, purported agreements, express or implied licenses, license restrictions, alleged copyright policies, or other communications between Plaintiff (including its employees, agents, and representatives) and Defendant (including its employees, agents, and representatives); and regarding settlement agreements and payments collected through enforcement efforts related to its claimed copyrights. Defendant further

3

intends to seek responsive documents and information relating to the works Plaintiff claims Defendant infringed and any registrations corresponding to those works. Defendant anticipates taking depositions of Plaintiff and its corporate representatives and/or employees with knowledge of Plaintiff's pricing for the publication at issue here (rates offered and rates paid by others), agreements, purported agreements, express or implied licenses, license restrictions, or other communications with Defendant pursuant to Rules 30(b)(1), 30(b)(6) and 45 of the Federal Rules of Civil Procedure, and regarding amounts paid in settlement of prior lawsuits and regarding Plaintiff's pattern and practices with respect to enforcement of its claimed copyrights.

### V. Production of Electronically-Stored Information

The parties agreed to exchange details regarding their requirements for the production of electronically-stored information ("ESI").

Plaintiff

Plaintiff requests that, with the exception of spreadsheet files and database files (discussed below), all responsive electronically stored information shall be produced in single-page Tagged Image File Format ("TIFF"). Plaintiff further requests that Defendant produce an accompanying load file which shall facilitate the use of the produced TIFF images by the document management system AccessData's AD Summation version 5.6.

Plaintiff requests that spreadsheet files (e.g., Excel) and database files (e.g., Access) be produced in native format, rather than TIFF format. A slip sheet bearing the appropriate Bates stamp shall be included in the TIFF production to indicate where a file has been produced in native format. Other file types shall be produced in native format upon request. In addition, all date fields should be in the MM/DD/YYYY format and include standard time fields.

Plaintiff requests that, to the extent available, responsive electronically stored documents produced in response to any discovery request must capture the following metadata fields: (1) Starting Production Number; (2) Ending Production Number; (3) Starting Attachment Range Number; (4) Ending Attachment Range Number; (5) Parent Fields; (6) Page Count; (7) Document Type; (8) Document Title; (9) Document Author; (10) Document Modify Date; (11) Document Created Date; (12) Email Subject; (13) Email From; (14) Email To; (15) Email CC; (16) Email BCC; (17) Email Sent Date; (18) MD5 Hash Values; (19) Original File Name; (20) File Extension; (21) Source Application and Version; and (22) File Text (document level extracted text/OCR).

Defendant

Defendant requests that, with the exception of spreadsheet files and database files (discussed below), all responsive electronically stored information shall be produced in single-page Tagged Image File Format ("TIFF"). Defendant further requests that Plaintiff produce an accompanying "Concordance .dat" load file for the meta-data and an "Opticon .opt" load file which shall facilitate the use of the produced TIFF images by the Relativity document management system version 9.2.

Defendant requests that spreadsheet files (e.g., Excel) and database files (e.g., Access) be produced in native format, rather than TIFF format. A slip sheet bearing the appropriate Bates stamp shall be included in the TIFF production to indicate where a file has been produced in native format. Other file types shall be produced in native format upon request. In addition, all date fields should be in the MM/DD/YYYY format and include standard time fields.

Defendant requests that, to the extent available, responsive electronically stored documents produced in response to any discovery request must capture the following metadata fields: (1) Starting Production Number; (2) Ending Production Number; (3) Starting Attachment Range Number; (4) Ending Attachment Range Number; (5) Parent Fields; (6) Page Count; (7) Document Type; (8) Document Title; (9) Document Author; (10) Document Modify Date; (11) Document Created Date; (12) Email Subject; (13) Email From; (14) Email To; (15) Email CC; (16) Email BCC; (17) Email Sent Date; (18) MD5 Hash Values; (19) Original File Name; (20) File Extension; (21) Source Application and Version; and (22) File Text (document level extracted text/OCR).

## VI.     Privilege

The parties agreed that there may be some responsive documents protected from disclosure by privilege and agreed to produce privilege logs in due course.

## VII.    Protective Order

The parties agreed to jointly submit a Protective Order to the Court. Plaintiff will circulate a draft Protective Order by August 10, 2016.

## VIII.   Changes In Limitations On Discovery Imposed by the Federal Rules

The parties agreed that they did not anticipate seeking any changes beyond what is provided for in the Federal Rules of Civil Procedure.

## IX.     Service by Email

The parties agreed to stipulate to service via email, and that service via email would be the equivalent of personal service for the calculation of deadlines under Federal Rules of Civil Procedure 5 and 6. The parties also agreed that 9 p.m. Eastern / 6 p.m. Pacific would be the end of a given day for the purposes of deadlines.

Dated: August 4, 2016                                  Respectfully submitted,

| | |
|---|---|
| /s/ Robert L. Powley | /s/ Carla B. Oakley |
| Robert L. Powley (RP7674) | Carla B. Oakley (*pro hac vice*) |
| James M. Gibson (JG9234) | Mary Gail Gearns (MG5940) |
| Thomas H. Curtin (TC5753) | Mathew M. Djavaherian (MD1121) |
| Keith E. Sharkin (KS1370) | |
| Patrick B. Monahan (PM0712) | MORGAN, LEWIS & BOCKIUS, LLP |
| | One Market, Spear Street Tower |
| POWLEY & GIBSON, P.C. | San Francisco, California 94105 |
| 304 Hudson Street, Suite 202 | Telephone: (415) 442-1000 |
| New York, New York 10013 | Facsimile: (415) 442-1001 |
| Telephone: (212) 226-5054 | carla.oakley@morganlewis.com |
| Facsimile: (212) 226-5085 | mathew.djavaherian@morganlewis.com |
| rlpowley@powleygibson.com | |
| jmgibson@powleygibson.com | 101 Park Avenue |
| thcurtin@powleygibson.com | New York, New York 10178 |
| kesharkin@powleygibson.com | Telephone: (212) 309-6000 |
| pbmonahan@powleygibson.com | Facsimile: (212) 309-6001 |
| | marygail.gearns@morganlewis.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |